AYRES, Judge.
This is an expropriation suit. Plaintiff, a public service corporation, seeks to expropriate a right of way, 35 feet in width by 103 feet in length, across defendant’s mainline railroad right of way. Although referred to as a right of way, the property across which plaintiff seeks an expropriation is owned by defendant in fee. The purpose of the expropriation is the construction of a natural gas pipeline by plaintiff.
Primarily concerned was a determination of a just award to compensate defendant for the right of way taken. An award of $50.00 was made by the trial court and plaintiff was taxed with cost. From that portion of the judgment taxing it with cost, plaintiff has appealed. Defendant, answering the appeal, has prayed that the award be increased to $500.00, that the cost be assessed against plaintiff, and that the servitude granted be made subject to defendant’s paramount rights to operate its railroad in a safe and proper manner, pursuant to its obligations to the public.
Stated more specifically, the right of way sought is for the construction of a pipeline to supply natural gas to subdivisions recently developed in the northern portion of Bossier City and in areas adjacent thereto. The proposed construction would connect plaintiff’s gas main running from Sterling-ton, Louisiana, to Waskom, Texas, to its distribution system in Bossier City and in the areas adjacent thereto. The proposed crossing of the railroad right of way by the gas line is located near but outside the present limits of the municipality’s northern boundary.
Unsuccessful negotiations were initiated by the plaintiff for the purchase of the proposed right of way before this action was instituted. Plaintiff offered $50.00 for the right of way, which was refused by defendant who countered with the proposition that it would lease the right of way to plaintiff on a basis of $20.00 rent per *319 year. This counterproposition was refused and this action followed.
First for consideration is the market value of the property expropriated. The court below predicated the award upon a basis of an evaluation of $500.00 per acre on a classification of the property for pastoral purposes. Obviously, the property was not held or used for pastoral or other agricultural purposes. It was utilized for railroad purposes. Evidence of the sales of agricultural or pastoral lands could not be considered as sales of comparable properties.
Other evidence in the record must be given consideration in a determination of the market value of the property taken. This other evidence concerns evaluations based upon rentals of comparable properties. Defendant offered testimony that, for the preceding two years, numerous rental contracts as to similar crossings had been entered into with other oil and gas companies, municipalities, and similar corporations for an annual rental of $20.00 per crossing. From such an income, the property expropriated was calculated to have a fair market value of $333.33. In addition, the defendant was shown to have leased portions of its right of way for various commercial purposes for a price based upon 6% of a value of 10{S per square foot. On this basis, the property taken would have a value of $360.50. The lesser of the aforesaid amounts, in our opinion, constitutes fair and just compensation for the property expropriated.
By the increase of the award, plaintiff’s contentions as to the assessment of cost, predicated upon its prior offer and tender of a lesser sum, are clearly without merit.
LSA-R.S. 19:12.
The defendant, a public service corporation, owns and operates a transportation system, both interstate and intrastate, for passengers and freight. While the expropriating authority has certain rights, among which is to cross defendant’s right of’ way with its pipeline, which right it may obtain by expropriation in the absence of an agreement, the exercise of such rights, should not interfere with the safe and. proper operation of defendant’s railroad, and trains.
Accordingly, for the reasons assigned,, the judgment appealed is amended by increasing the award to the sum of $333.33' and by recognizing defendant’s paramount rights to the safe and proper operation of its railroad and trains over the property expropriated; and, as thus amended, the-judgment appealed is affirmed at plaintiff-appellant’s cost.
Amended and affirmed.