WILLIAMS, Judge.
This case is an expropriation suit by Arkansas Louisiana Gas Company as a public utility within the definition of the laws of the State of Louisiana. Sought to be expropriated is a strip of land fifty feet wide and two hundred six feet long across the right of way of defendant Louisiana and Arkansas Railway Company for the construction of a twelve inch gas pipeline to serve as an injection and production line from the Bistineau gas storage developed by United Gas Pipeline Company. The land over which the servitude is sought to be expropriated here is owned by defendant in fee and located in a rural area north of Red Chute in Bossier Parish, Louisiana.
The answer to the suit was filed after the expiration of the ten day delay period following service and citation.[1] Accordingly, evidence at the trial was restricted to a determination of proper compensation. The trial court rendered judgment decreeing that upon payment of the sum of $333.33 to defendant in consequence of the taking, the right of way would be adjudged to plaintiff subject to the retention by defendant of paramount rights to the safe and proper operation of its railroad and trains over the property. Plaintiff has appealed from this judgment.
In assessing the amount due defendants for the taking, the court based its decision upon the previous decision of the Court of Appeal in Arkansas Louisiana Gas Company v. Louisiana and Arkansas Railway Company, 165 So.2d 317 (La.App.2d Cir. 1964) writs denied, 246 La. 831, 167 So.2d 664 (1964). That suit involved the same parties who are now before the court. The facts here are substantially identical except for the location of the property. In the first case the location of the right of way was in an urban area whereas here the location of the right of way is in a remote rural area. In the first case this court held that the compensation due defendant should be determined on a capitalization of rentals basis. Counsel for defendants rely upon this case in support of the judgment of the trial court. Counsel for plaintiffs, and other pipeline companies who have filed amici curiae briefs, now urge before this court that the basis used in the 1964 case is improper and should not be followed.
Plaintiff offered the testimony of John E. Taylor, Vice President of Transmissions for Arkansas Louisiana Gas Company, who testified that the twelve inch pipeline sought to be constructed across defendant’s right of way would be encased in a sixteen inch casing with vents located near the ends of the right of way lines. The installation would thus be permanent and there would be no further need to go upon defendant’s right of way should a gas leak occur. In this case the pipeline would be cut outside of the right of way line, the old pipe removed and a new one installed. He further testified that due to the encasement of the pipeline there would be no restrictions as to any structure or track that might be placed upon the line nor use thereof.
Plaintiffs also offered the testimony of two expert appraisers, Mr. Walter L. Hunter and Mr. Frank Grigsby. Both used comparable sales of land in the vicinity to determine the actual value of the servitude taken for the crossing aj $38 and Mr. Grigsby valued it at $42.
Defendant’s only witness was Mr. Thomas S. Carter, Vice President of Kansas City Southern Railroad Company, who testified that his company usually was successful in negotiating agreements with pipeline companies on an annual rental *233 basis but that they had been unsuccessful in reaching such an agreement with plaintiff. Defendant offered no evidence on the question of actual damages that the railroad would suffer by the construction of the pipeline in question. In the case of Arkansas Louisiana Gas Company v. Louisiana and Arkansas Railway Company, 165 So.2d 317 (2d Cir. 1964) Judge Gladney in rehearing stated:
“ * * * In arriving at its market value determination this court gave consideration to evidence as to fair value of adjacent property * * * ” [165 So. 2d 317, 321]
It is therefore evident that the former decision of this court did not seek to establish an exclusive method of assessing the value of a servitude of right of way taken in this type expropriation suit. Here the plaintiff takes nothing but the servitude or easement of crossing of defendant’s strip of land. There is no interference with the use by defendant of its normal property rights. Plaintiff’s use of its servitude or easement is concurrent with the surface use over the land by defendant in operating its business as a railroad. Since there is no evidence in the record from which we can determine any actual damages which the railroad would suffer we have only to address ourselves to the value of the property rights of the defendant that are taken. Based on the evidence in this case we deem it appropriate that the award be based on the nominal value of the property rights taken. The uncontradicted evidence adduced at the trial of the instant case is that the “going rate” for such a servitude of right of way is $5.00 per rod. Using this sum as a basis for the diminished value of the property owned by defendant and taken by plaintiff, a fair market value of the property may be determined. In this case the servitude is over a crossing 206 feet in length and 50 feet in width. Therefore the crossing would be a total of 12.484 rods at $5.00 per rod or $62.42. Thus we believe the sum of Sixty-two and 4%oo ($62.42) Dollars will fully compensate defendant.
Appellant urges that the judgment of the trial court erroneously recognized the paramount rights of the railroad on the right of way because any question other than the amount of compensation was waived when the answer was filed after the expiration of the delay allowed by law to question anything other than compensation and damages. Due to the overriding public interest involved herein we do not find any merit in this suggestion.
For the reasons set forth above the judgment of the trial court is amended to award defendant the sum of $62.42 as payment of all compensation due him in consequence of the expropriation. Costs of this appeal are assessed equally to appellant and appellee.
Judgment amended, and as amended affirmed.

. LSA-R.S. 19:6.