HALL, Judge.
In this expropriation suit the Department of Highways appeals from judgment awarding defendants, Chicago, Rock Island and Pacific Railroad Company and Continental Can Company, Inc., $49,210 as the fair market value of property taken and $9,300 as the three-year rental value of a construction servitude required by the Department’s work in widening U.S. Highway 167 between the Town of Jonesboro and the Village of Hodge. Plaintiff alleges as error the trial judge’s valuation of the property and also argues that expert witness fees assessed by the court are excessive.
The property expropriated is a strip of land 25 feet wide and 2,443 feet long, containing 44,726.12 square feet along the railroad right-of-way fronting on U.S. Highway 167. The construction servitude was 31,319.64 square feet, used for three years. The railroad right-of-way is 100 feet wide and has a single mainline track running along its center line. All experts who appraised the property said its highest and best use was commercial.
L. J. Roy, testifying for the Department and using comparable sales adjusted for the presence of the railroad tracks, valued the property taken at $.60 per square foot or $26,842 and valued yearly rental of the construction servitude at 10 percent of the value computed over a three-year period or $5,637, for a total of $32,479. Plaintiff’s other expert, Dan Carlock, using comparable sales also adjusted for the presence of the railroad tracks, determined the fair market value to be $.75 per square foot. His total of $39,189 was broken down to $33,552 for the part taken, and 8 percent annual rental computed over three years, or $5,637, as the value of the construction servitude.
Defendants’ experts, O. L. Jordan and H. L. Bass, using sales of commercial property along Highway 167 as comparables, estimated $1.75 and $2 per square foot, respectively, as the value of the subject property. Jordan and Bass estimated the rental value of the construction servitude at 10 percent of the value for a total of $16,443 and $18,800, respectively, over three years. Defendants’ appraisers stated that their estimates were based on the highest and best use of the property as commercial property available for development at the time of taking. The trial judge, finding that the value of the land was $2 per square foot, determined that the presence of the railroad tracks on the tract could not be ignored and adjusted the value downward to $1.10 per square foot.
Plaintiffs contend the trial judge should have totally disregarded the opinions of defendants’ experts since they were premised *1226 on the value of the land with no recognition of existing improvements and should have accepted the highest estimated value of plaintiff’s experts who did consider the existence of the railroad tracks.
The Department’s appraisers took into consideration the existence of the mainline railroad track and the unlikeliness that a strip of at least 25 feet on each side of the track would be available for any other use in the foreseeable future. Treating the remaining 25 feet on the west side of the track, which was the property taken, as surplus property available for sale and commercial development, the appraisers valued it separately from the whole as commercial property, making a substantial adjustment downward in value compared to commercial property in the area because of the narrow 25 foot depth.
The defendants’ appraisers, on the other hand, valued the property as commercial without adjustment for or giving consideration to the special character of the property and its unavailability, as a whole, for commercial use.
Establishing just compensation for a taking of special use property is difficult. There is no single, exclusive approach which must be applied by appraisers or by the court. Various methods and combinations of methods may be used. Although fair market value is the usual measure of just compensation, some other method or measure may be used in arriving at just compensation in the case of unique or specialty property such as schools, parks, cemeteries, railroad rights-of-way, and the like. See and compare Town of Eunice v. Louisiana Western Ry. Co., 135 La. 882, 66 So. 257 (1914); State, Dept. of Highways v. New Orleans Term. Co., 319 So.2d 568 (La. App. 4th Cir. 1975); Orleans Parish School v. Montegut, Inc., 255 So.2d 613 (La. App. 4th Cir. 1971); Arkansas Louisiana Gas Company v. Louisiana and Arkansas Railway Company, 234 So.2d 231 (La. App. 2d Cir. 1970); Arkansas Louisiana Gas Company v. Louisiana & Arkansas Railway Company, 165 So.2d 317 (La. App. 2d Cir. 1964).
The trial court, recognizing that neither approach used in this case was entirely fair in arriving at just compensation but giving weight to the factors considered in each approach, arrived at a value in between those reached by the respective appraisers. On the basis of the evidence and methods of evaluation presented to the court, its conclusion was reasonable and constitutes just compensation for the property taken.
The fees of the expert witnesses, $1,125 and $1,000, supported by itemized statements in the record, are not unreasonable.
The judgment is affirmed at appellants’ costs.